IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAITLIN ASHLEY EVANS,<br><br>Defendant. | CR 22–32–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Caitlin Ashley Evans's Unopposed Motion for Early Termination of Probation. (Doc. 42.) Evans pled guilty to one count of unlawfully obtaining controlled substances and, on March 22, 2023, was sentenced to probation for a period of 36 months. (Doc. 37.) Evans has served approximately 14 months of her term of probation and now seeks the premature termination of her remaining term of probation, which is set to terminate in March 2026. (*Id.*) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Doc. 42 at 1–2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] terminate a term of probation previously ordered and

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of a defendant's probation. Fed. R. Crim. P. 32.1(c). Such a hearing is

1

discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); *see also United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). Evans has served over one year of her term of probation and is therefore statutorily eligible for the premature termination of her remaining term of probation. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18

---

not necessary, however, if the defendant waives it, or if the proposed modification is favorable to the defendant and the United States does not object. The premature termination of Evans's probation is obviously favorable to her and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of probation context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Evans's remaining term of supervised release. After being confronted with her crime, Evans self-reported to the Board of Nursing and has remained sober since that time. (Docs. 43 at 6.) She is participating in the Medical Assistance Program (now known as Maximus), which involves five years of monitoring and daily check-ins for random drug testing. (Doc. 44-1 at 1.) She has maintained compliance with the program and has not had any positive drug tests. (*Id.*) She also completed a twelve week intensive outpatient rehabilitation program through the Western Montana Mental Health Center. (*Id.*) In November 2022 her RN license was reinstated with one year of restrictions, including no handling of narcotics, monthly employment reports, and six months of direct supervision with quarterly reports. (*Id.*) These restrictions were lifted in November 2023. (*Id.* at 2.) She continues to engage in treatment and has complied with all requirements of her probation, including the requisite 100 hours of community service. Evans's probation officer reported that "[t]here have been no issues of supervision from my end. She has done exceptionally well." (Doc. 43 at 9.) The letters of support

submitted on her behalf indicate that she maintains the support and trust of those around her.  (Docs. 44-2 to 44-5.)

Accordingly, IT IS ORDERED that the motion (Doc. 42) is GRANTED.

IT IS FURTHER ORDERED that Evans's remaining term of probation is TERMINATED as of the date of this Order.  The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 20th day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court